UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

IN RE SENECA MANAGEMENT
PARTNERS, LLC

DECISION AND ORDER

6:23-CV-06306 EAW

_____

## BACKGROUND

On May 1, 2023, appellant Seneca Management Partners, LLC ("Appellant") filed a petition under Chapter 11 of the Bankruptcy Code. (*See* Dkt. 1-1 at 1). Appellant did not file the petition via counsel; instead, the petition was signed by Robert Houle, Appellant's managing member, who is not an attorney licensed to practice in New York. (*Id.*). Because an LLC cannot proceed *pro se*, United States Bankruptcy Judge Paul R. Warren issued an order dismissing the petition *sua sponte* on May 2, 2023. (*Id.*). The order dismissing the petition was entered by the bankruptcy court on May 2, 2023. (Dkt. 1-1 at 5).[1]

Appellant, still acting via Mr. Houle and not an attorney, filed the instant appeal of the order dismissing the petition on June 2, 2023. (*See* Dkt. 1 at ¶ 1 ("IN the interests of

---

[1] Mr. Houle claims in the instant appeal that he never received a copy of the bankruptcy court's decision. (*See* Dkt. 1 at ¶ 2). This assertion lacks credibility. Mr. Houle sent Judge Warren a letter dated May 8, 2023, in which he acknowledged and discussed at length the contents of the decision. A copy of this letter was docketed by the bankruptcy court on May 9, 2023. (*See* Dkt. 1-3 at 2). Moreover, the bankruptcy court docket reflects the mailing of the decision. (*See id.*).

Justice Robert Houle, Managing Member [of] Seneca Management Partners, LLC Hereby APPEALS the MAY 2ND, 2023 decision of the UNITED STATE[S] BANKRUPTCY COURT in the case cited above.")).  Appellant thereafter did not take the necessary steps to perfect or prosecute the appeal.  See Fed. R. Bankr. P. 8009.

## DISCUSSION

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(1), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  See also 28 U.S.C. § 158(c)(2) (providing that appeals to a district court from a bankruptcy court must be taken "in the time provided by Rule 8002 of the Bankruptcy Rules").  "[T]he time limit contained in Rule 8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'"  In re Siemon, 421 F.3d 167, 169 (2d Cir. 2005); see also In re Indu Craft, Inc., 749 F.3d 107, 115 (2d Cir. 2014) ("In Siemon, our Court examined an untimely appeal from the bankruptcy court to the district court—past fourteen days after judgment, as prescribed by Rule 8002—and concluded that the district court was without jurisdiction to consider such appeals."); In re MarketXT Holdings Corp., 455 F. App'x 41, 44 (2d Cir. 2012) ("A failure to file a notice of appeal within the time specified by Rule 8002 is an absolute jurisdictional bar to appeal.").

Here, Appellant appeals the May 2, 2023 order dismissing the petition. However, the notice of appeal was not filed until June 2, 2023, well outside the 14-day limit set forth in Bankruptcy Rule 8002(a)(1).[2] Appellant did not seek or receive an extension of that time limit, nor could he do so now. *See* Fed. R. Bankr. P. 8002(d). Because the appeal was not timely filed, this Court lacks appellate jurisdiction and the case must be dismissed. *See, e.g., Nelroy Drugs, Inc. v. Rochester Drug Co-Operative, Inc.*, 2021 WL 1534730, at *1 (W.D.N.Y. Apr. 19, 2021) ("If the district court lacks appellate jurisdiction over a bankruptcy appeal, the action must be dismissed.").

## CONCLUSION

For the foregoing reasons, the Court dismisses this appeal *sua sponte* for lack of jurisdiction. The Clerk of Court is directed to close the case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   December 18, 2023
         Rochester, New York

---

[2] Bankruptcy Rule 9006(f) provides: "When there is a right or requirement to act or undertake some proceedings within a prescribed period after being served and that service is by mail or under Rule 5(b)(2)(D) (leaving with the clerk) or (F) (other means consented to) F.R.Civ.P., three days are added after the prescribed period would otherwise expire under Rule 9006(a)." In this case, the appeal was filed 31 days after entry of the relevant order, and so an additional three days does not change the analysis.